UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,                   :
                                             :    **MEMORANDUM & ORDER**
    v.                                       :    15-CR-606 (WFK)
                                             :
RANNIK WILLIAMS DENT,                        :
                                             :
                Defendant.                   :
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On April 13, 2009, the Honorable Judge George Singal of the District of Maine sentenced Rannik Williams Dent ("Defendant") to 120 months of imprisonment and 60 months of supervised release for conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 812, 846, and 841(a)(1), and possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 812 and 841(a)(1). Upon the completion of his sentence, Defendant commenced a five-year term of supervised release on October 7, 2015. On March 8, 2021, Defendant was sentenced to time served and two years of supervised release after Defendant pled guilty to leaving the judicial district without authorization in violation of the terms of his supervised release. On January 20, 2022, Defendant filed a motion to terminate the remainder of his term of supervised release. *See* ECF No. 35. For the reasons set forth below, Defendant's motion to terminate his term of supervised release is hereby DENIED.

## BACKGROUND

On January 9, 2008, a grand jury in the District of Maine returned a two-count Indictment charging Defendant with (1) conspiracy to possess with intent to distribute 50 grams or more of cocaine, in violation of 21 U.S.C. §§ 812, 846, and 841(a)(1); and (2) possession with intent to distribute 50 grams or more of cocaine, in violation of 21 U.S.C. §§ 812 and 841(a)(1). *See* Indictment, ECF No. 3-2.

On December 23, 2008, Defendant pled guilty to both counts of the Indictment before the Honorable Judge George Singal of the District of Maine. *See* Indictment, ECF No. 3-3. On April 13, 2009, Defendant was sentenced by Judge Singal to 120 months of imprisonment to be

1

followed by five years of supervised release. *Id.* Defendant began his initial term of supervised release on October 7, 2015.

On November 25, 2015, the above-captioned case was transferred to this Court. *See* Ordering Approving Transfer of Jurisdiction, ECF No. 2.

On December 3, 2015, Probation filed a sealed request for a warrant and a violation of supervised release report alleging (1) the NYPD sought Defendant for the crimes of Attempted Murder, Assault, and Felon in Possession of a Firearm on November 15, 2015, and (2) Defendant failed to report to Probation as required by the conditions of his supervised release. *See* Petition, ECF No. 4.

On March 28, 2017, the Court granted Defendant's motion to dismiss the violation of supervised release. The Court did so after the Government informed the Court it would not pursue the violation of supervised release charges as Defendant was acquitted of all state court criminal charges.

On October 4, 2017, Probation informed the Court Defendant had associated with a convicted felon in violation of the terms of his supervised release. *See* Report, ECF No. 13. At the request of Probation, the Court ordered no action be taken. *See* Order, ECF No. 14.

On December 4, 2018, Probation filed a sealed request for a warrant and violation of supervised release report alleging the Rowan County Sherriff's Department in North Carolina had arrested Defendant. *See* Report, ECF No. 18. The report noted Defendant was a passenger in a car containing 1,340 grams of cocaine and 3,000 grams of marijuana when stopped by law enforcement. *Id.* Defendant then falsely reported his name while being processed for this offense. *Id.* On December 6, 2018, the Court ordered Defendant's arrest. *See* Order, ECF No. 19.

On September 4, 2020, Defendant was arraigned on the second violation of supervised release report before the Honorable Magistrate Judge Ramon E. Reyes. *See* ECF No. 21. Magistrate Judge Reyes ordered Defendant released to home detention on a $50,000.00 bond. *See* Order Setting Conditions of Release, ECF No. 22.

On March 8, 2021, Defendant pled guilty to charge four of the second violation of supervised release report and was sentenced by this Court to time served followed by two years of supervised release. *See* Order, ECF No. 33.

On January 20, 2022, Defendant moved for early termination of his term of supervised release. *See* Def. Mot., ECF No. 35. On February 15, 2022, the Government opposed Defendant's motion. *See* Gov't Opp., ECF No. 37. On July 28, 2022, Defendant filed a reply in further support of his application for early termination. *See* Def. Reply, ECF No. 46.

On July 22, 2022, Probation informed the Court Defendant had been arrested and charged with Driving While Intoxicated in violation of the terms of his supervised release. *See* Report, ECF No. 44. At the request of Probation, the Court ordered no action be taken. *See* Order, ECF No. 45.

## APPLICABLE LAW

Pursuant to Section 3583(e)(1) of Title 18 of the United States Code, a court may "terminate a term of supervised release and discharge [a] defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The Court must consider the following eight factors in making this determination:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant, *id.* § 3553(a)(1);

(2) the need to deter criminal conduct, *id.* § 3553(a)(2)(B);

(3) the need to protect the public from further crimes of the defendant, *id.* § 3553(a)(2)(C);

(4) the need to provide the defendant with correctional treatment, *id.* § 3553(a)(2)(D);

(5) the kinds of sentence and the sentencing range established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements, *id.* § 3553(a)(4);

(6) any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing, *id.* § 3553(a)(5);

(7) the need to avoid unwarranted sentence disparities among similar defendants, *id.* § 3553(a)(6); and

(8) the need to provide restitution, *id.* § 3553(a)(7).

*Id.* § 3583(e)(1). *See also United States v. Katz*, 02-CR-1586, 02-CR-1589, 2008 WL 4699832, at *1-2 (S.D.N.Y. Oct. 23, 2008) (Keenan, J.).

Early termination of supervised release—as with early termination of probation—"is not warranted as a matter of course." *See United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) (Marrero, J.) (internal quotation marks and citation omitted). Rather, "early termination of supervised release is within the discretion of the district court and is only occasionally warranted due to changed circumstances of a defendant, such as exceptionally good behavior." *Karacsonyi v. United States*, 152 F. 3d 918, 1998 WL 401273, at *1 (2d Cir. June 10, 1998) (summary order) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

Courts in the Second Circuit have routinely held mere compliance with the terms of supervised release does not qualify one for early termination. *See, e.g., United States v. Maguire*, 04-CR-269, 2008 WL 5429838, at *1 (S.D.N.Y. Dec. 22, 2008) (Marrero, J.) ("General compliance with the original terms and conditions of supervised [release] does not suffice to

justify early termination."); *Katz*, 2008 WL 4699832, at *2 ("[C]ompliance with all court-imposed sanctions to date does not qualify as 'exceptionally good behavior.'"). Indeed, compliance is expected. If such behavior standing alone were sufficient to terminate a term of supervised release, "the exception would swallow the rule." *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (Sweet, J.).

## DISCUSSION

Defendant provides several reasons why this Court should terminate his term of supervised release pursuant to § 3553(a). First, Defendant argues he is determined to make better decisions and claims he has changed since his original conviction. *See* Def. Mem. at 6. Second, Defendant argues he learned a great deal during his term of supervised release thus far and is "dedicated to a life free of crime, punishment, violations, and revocations." *Id.* at 7. Third, Defendant reports he has attained his GED, stable housing, medical care, and income from Social Security. *Id.* at 7. Fourth, Defendant reports he paid his special assessment in full and has no outstanding financial obligations in this case. *Id.* at 9. Finally, Defendant cites his completion of a drug treatment program and argues there is no further reason for him to be under supervised release. *Id.* at 12.

The Government counters Defendant's arguments. Specifically, the Government contends early termination is improper despite Defendant's compliance with the conditions of his most recent term of supervised release because compliance alone is insufficient to warrant relief. *See* Gov't. Mem. at 3. Moreover, the Government notes Defendant has not complied with all of conditions of his release, as he reportedly violated these conditions several times. *Id.* at 1-2.

Upon careful consideration of the pertinent statutory factors and Defendant's arguments, the Court concludes early termination of Defendant's supervised release is not warranted here.

In essence, Defendant argues this Court should terminate his term of supervised release because he had completed a portion of his original term of supervised release and because he has since taken steps to reintegrate into his community. The Court finds Defendant's reflection and efforts both encouraging and laudable. However, these circumstances alone are insufficient to entitle Defendant to an early termination of his supervised release. *See Katz*, 2008 WL 4699832, at *2.

This determination is solidified by the fact that Defendant has not complied with all the conditions of his supervised release, rendering his supervised release all the more essential. As detailed above, Defendant has violated the conditions of his supervised release on multiple occasions. Indeed, since the present motion was filed, Probation informed the Court Defendant was arrested by the New York Police Department and charged with Driving While Intoxicated. *See* Report, ECF No. 44.

Early terminations of supervised release are not lightly granted and even "unblemished" conduct throughout the pendency of a term of supervised release is not considered to be "exceptional" and worthy of early termination. *Medina*, 17 F. Supp. 2d at 247. Other courts in this District have declined to terminate supervised release for cases in which an individual exhibited exemplary conduct throughout their term of supervised release. For example, in *United States v. Bastien*, Judge Joseph F. Bianco denied an individual's motion to terminate supervised release even though that individual fully complied with the Court's express terms of supervision and the Probation Department's requirements, volunteered with a non-profit organization providing free literature to the public, was receiving mental health treatment and had been unable to visit family members in Haiti due to his supervised release. 111 F. Supp. 3d 315, 321-22 (E.D.N.Y. 2015) (Bianco, J.). Similarly, in *United States v. Fenza*, Judge Arthur D. Spatt declined to terminate a defendant's supervised release where the defendant, among other

things, had completed two of three years of supervised release without issue, returned to live with family in his childhood neighborhood and house, regained operational management of his car service company and developed it despite a recession, and cared for his wife and grandchildren. 03-CR-0921, 2013 WL 3990914, at *1-2 (E.D.N.Y. Aug. 2, 2013) (Spatt, J.); *see also United States v. McKay*, 352 F. Supp. 2d 359, 360–61 (E.D.N.Y. 2005) (Spatt, J.) (denying early termination even though the defendant had a flawless record during incarceration and release, had health issues, was an active member of the community, took responsibility for his crimes, never abused drugs or alcohol, and complied with his restitution obligations).

Defendant relies on *United States v. Trotter* to argue there is no further benefit to his continued supervised release. *See* Def. Mem. at 9 (citing *United States v. Trotter*, 321 F. Supp. 3d 337 (E.D.N.Y. 2018) (Weinstein, J.)). However, the circumstances at issue in *Trotter* are markedly dissimilar to the facts at issue in this case. In *Trotter*, Judge Jack B. Weinstein granted a motion to terminate supervised release after repeated violations of the conditions of his release due to an individual's addiction to marijuana. *Id.* at 365. The court in *Trotter* grapples with unique questions inherent to the fact that while marijuana remains illegal under federal law, it is "becomingly increasingly accepted by society." *Id.* at 340. Faced with a "binary choice" to either "send marijuana users to jail or terminate supervision," and acknowledging the reality that supervised release periods for marijuana users may increase the likelihood of recidivism, Judge Weinstein determined it was appropriate in that case to terminate supervised release with respect to the individual in question. *Id.* at 362. The unique circumstances presented in *Trotter* are absent here. Defendant's violations do not involve the repeated abuse of marijuana and instead encompass acts far from being legally and culturally accepted, as was the case in *Trotter*.

7

Given the serious nature of Defendant's underlying criminal activity and Defendant's continued violations of the terms of his supervised release, the Court concludes continued supervised release is necessary. The Court acknowledges Defendant's efforts to reintegrate into society and commends Defendant for the progress he has made thus far. While the Court encourages Defendant to continue these efforts, the Court has considered the statutory factors in light of the particular circumstances of this case and is not persuaded Defendant's post-release conduct warrants early termination. 18 U.S.C. § 3583(e)(1)(A).

## CONCLUSION

For the foregoing reasons, Defendant's motion for early termination of his term of supervised release is denied. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 35 and to mail a copy of this order to Defendant.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: February 17, 2023
       Brooklyn, New York